UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF CERTAIN RECORDS OF WITH THE FEDERAL BUREAU OF INVESTIGATION<br><br>BOUDOIN V. WARDEN DARRYL VANNOY, NO. 10-4343-"E", TWENTY FOURTH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON, STATE OF LOUISIANA | MISC. ACTION<br>**19-1905**<br>NO.<br>**SECT. J MAG. 1**<br>SECTION: |

**STIPULATED PROTECTIVE ORDER FOR FBI RECORDS AND TESTIMONY**

It is hereby ordered, pursuant to Fed. R. Civ. P. Rule 26(c), that this Order shall govern the production and use of any records, documents and/or information ("Records") initially prepared or currently maintained by the Federal Bureau of Investigation ("FBI") and permit certain testimony, if authorized as specified below. The FBI Records may contain privileged and/or personally identifiable information and must be protected from unwarranted disclosure. These Records are believed to be maintained in a system of records exempt from the mandatory disclosure provisions of the Privacy Act and the information contained within the Records may also be exempt from the mandatory disclosure provisions of the Freedom of Information Act.

1. This action relates to a demand made on behalf of Bryant Boudoin, to obtain documents and testimony from the FBI in connection with litigation currently pending in the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana (the "Underlying Action"). The Underlying Action, *Bryant Boudoin v. Warden Darryl Vannoy*, 10,4343 "E", is a post-conviction challenge to Mr. Boudoin's state court conviction and life sentence, entered in the Twenty Fourth Judicial District Court on February 17, 2011 (*State v. Bryant Boudoin*, 10,4343 "E"). Mr. Boudoin is represented in the underlying action by Michael M. Magner (Jones Walker, LLP), and Emily Maw, Richard Davis and Charell Arnold (Innocence Project New Orleans).

{N3777576.1}

2. The Underlying Action alleges, amongst other things, that Mr. Boudoin is innocent of the murder of Elizabeth McDaniel on May 26, 2008—the crime for which he was convicted in 2011—and that certain evidence, including the results of DNA testing, do and can prove his innocence. That evidence includes documentary and surveillance evidence of activities at 5257 Warwick Drive, Marrero, LA 70072, a house in close proximity to Ms. McDaniel's home, where she was attacked. 5257 Warwick Drive was occupied, in 2008, by William Donohue.

3. Following an FBI surveillance of 5257 Warwick Drive and an investigation of William Donohue in 2007 and 2008, led by Special Agent Todd Schleim, Donohue was arrested on or about May 30, 2008. He was convicted, pursuant to a guilty plea, and sentenced to two years, suspended on active probation, on June 19, 2008 in the matter captioned *State v. Donohue*, 08-1779 "B", Twenty Fourth Judicial District Court for the Parish of Jefferson ("Donohue Criminal Action").

4. In connection with the investigation, the undersigned Assistant United States Attorney hereby releases to Michael M. Magner, Emily Maw, Richard Davis and Charell Arnold, counsel for Petitioner Bryant Boudoin, documents or information produced by the Federal Bureau of Investigation relative to identities of people and vehicles observed in an FBI surveillance and investigation of activity at 5257 Warwick Drive, Marrero, LA 70072 and the owner of the property, William Donohue during May 17, 2007-May 31, 2007 and May 21-May 31, 2008 (FBI File Number 281D-NO-71570-302) as identified by counsel for Boudoin in a review of said file conducted on January 8, 2019."

5. "Protected material" for purposes of this protective order is defined as any Record initially prepared by the FBI and currently maintained within the official custody and control of the FBI. This includes documents provided to counsel for Petitioner as referred to in Paragraph 4.

6. Protected material, and any and all information contained in or derived from that

{N3777576.1}

material, shall be used only by counsel for the Petitioner listed in paragraph 4 of this Order for the sole purpose of the Underlying Actions (including in depositions, trial, or other court proceedings) and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order, with the exception of those listed in Paragraph Seven (7).

7. Protected material and any copies thereof, and the information contained therein, may be disclosed only to (and used by, in accordance with this Order):

   a. The Petitioner, Petitioner's attorneys, and persons regularly employed by the Petitioner's attorneys;

   b. Other parties to the Underlying Action and their attorneys and persons regularly employed by those attorneys;

   c. The courts (including, as the case may be, appellate courts) in any proceeding in the Underlying Action and the courts' personnel, including court reporters;

   d. Third parties whose testimonies are taken in the Underlying Action by deposition or otherwise, but only to the extent necessary to elicit testimony concerning protected material; and

   e. Consultants and expert witnesses retained by the parties in any of the Underlying Actions, only if necessary, in connection with an expert opinion or testimony.

8. Should the Petitioner wish to disclose the protected materials to any person other than those indicated in paragraph 7, or for any purpose other than in connection with the litigation of the Underlying Action, counsel for the Petitioner must first meet and confer with the undersigned Assistant United States Attorney ("AUSA"), who may authorize such disclosure in writing. If necessary, the Petitioner may, on motion, seek modification of this Protective Order by the Court.

9. In the event that any protected material is submitted in pleadings, motions or in any other manner to the courts in the Underlying Action, used in evidence presented to the courts in the Underlying Action, or referred to in any deposition or referred to in any hearing or trial before the courts in the Underlying Action, the parties in the Underlying Action shall take appropriate steps

{N3777576.1}

to maintain the confidentiality of the protected material to the greatest extent possible, including, when appropriate, redactions of personally identifiable information and/or submissions of the documents or information under seal.

10. The designation or non-designation of any material as protected material shall not constitute a waiver of any party's assertion that the material is either covered or not covered by this Protective Order.

11.     In the event FBI Agent Todd Schleim is authorized to testify by deposition in connection with the Underlying Action under governing Department of Justice regulations, this Protective Order applies to Agent Shcleim's deposition or other testimony.

12. Unless directed otherwise by the undersigned AUSA, all individuals to whom protected material is disclosed pursuant to this Order shall return any and all protected material and copies thereof to counsel for the United States before the termination of the Underlying Action, or when they are no longer a party to, or assigned or retained to work on, the Underlying

Action, whichever occurs first.

13.     Unless directed otherwise by the undersigned AUSA, protected material and all copies thereof must be returned to the United States Attorney, 650 Poydras Street, New Orleans, Louisiana 70130, within 30 days after the termination of the Underlying Action, including any appeals. Any document created by the Petitioner that contains or reflects protected material shall be destroyed within a reasonable period of time after the Underlying Action are terminated. The Petitioner shall certify to the destruction of all such documents within 30 days of the termination of the Underlying Action.

14.     Nothing in this protective order affects the rights of counsel to discuss relevant information contained in the protected material with their client.

{N3777576.1}

15. This protective order does not constitute an admission by any party regarding, or a ruling on the question of, whether any particular material is properly discoverable or admissible, and it does not constitute any ruling on any particular objection to the production or admissibility of any material.

16. Nothing in this Protective order shall prevent the disclosure as required by law or compelled by any court, or restrict a party's use of materials produced by that party.

Signed this _____ day of _____, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

Approved

PETER G. STRASSER
UNITED STATES ATTORNEY

_____
PETER M. MANSFIELD (# 28671)
Assistant United States Attorney
Chief, Civil Division
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3047
Facsimile: (504) 680-3174
Peter.Mansfield@usdoj.gov

_____
Michael W. Magner (# 01206)
JONES WALKER LLP
201 St. Charles Ave, Ste 5100
New Orleans, LA 70170
(504) 582-8316
mmagner@joneswalker.com

Emily Maw
Richard Davis
Charell Arnold
INNOCENCE PROJECT NEW ORLEANS
4051 Ulloa Street
New Orleans, LA 70117
(504) 943-1902
emilym@ip-no.org
richardd@ip-no.org
charella@ip-no.org

Counsel for Bryant Boudoin

{N3777576.1}